UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61682-Civ-MORENO
      (08-60220-Cr-MORENO)
MAGISTRATE JUDGE P. A. WHITE

ANTYONE DEVON PHILIPE,          :

      Movant,                    :

v.                               :         REPORT OF
                                         MAGISTRATE JUDGE
UNITED STATES OF AMERICA, :

      Respondent.                :

_____

## I. Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence following a guilty plea entered in Case No. 08-60220-Cr-Moreno.

The Court has reviewed the motion with supporting memorandum of law and attached exhibits (Cv-DE# 1, 4), the government's response with supporting exhibits (Cv-DE# 8),[1] the movant's reply to the government's response (Cv-DE# 9), the Presentence Investigation Report (PSI) and Addendum thereto, and all pertinent portions of the underlying criminal file.

## II. Claims

[1]The government has supported its Answer with various exhibits, which include, the transcript of the change of plea proceeding (Attachment A), the PSI Report (Attachment B), the transcript of the sentencing hearing (Attachment C), and excerpt from the Statement of Facts in the Brief for the United States. (Attachment D). No such attachments were filed with this Court. See Cv-DE# 8. However, the undersigned has received copies of the attachments from the government and the government has certified that it has served by mail a copy of its Answer with the attachments upon Philipe. See United States' Answer to Movant's Motion to Vacate Sentence Under 28 U.S.C. §2255 at 22. (Cv-DE# 8). These exhibits do not now need to be filed in this civil proceeding since the subject transcripts are already filed in the corresponding criminal case, see Cr-DE# 32, 28, and the brief was filed by the government in the Eleventh Circuit.

Philipe raises the following claims:

1.   He received ineffective assistance of trial counsel with regard to sentencing, because his lawyer failed to argue that he had fully demonstrated acceptance of responsibility pursuant to U.S.S.G. §3E1.1.

2.   He received ineffective assistance of appellate counsel, because his lawyer failed to raise the issue on direct appeal that the District Court erred in denying a base offense reduction pursuant to U.S.S.G. §3E1.1 for having exercised his constitutional rights.

3.   He received ineffective assistance of trial counsel, because his lawyer failed to file a pretrial motion to suppress the drugs for lack of possession.

4.   He received ineffective assistance of appellate counsel, because his lawyer failed to raise the issue on direct appeal that the District Court's refusal to depart downward under U.S.S.G. §3E1.1 was an abuse of discretion.

III.   <u>Factual Background and Procedural History</u>[2]

A.   <u>Facts of the Offense</u>

In the late evening of July 11, 2008, the Broward County Sheriff's Office ("BSO") received an emergency 911 telephone call from an unidentified female reporting that she was being physically abused by a male. The telephone call was traced to an address located in Pompano Beach, Florida. BSO deputies were dispatched and when arriving at the location, they heard loud voices consistent with an argument involving two individuals coming from inside one of the apartments located in the apartment building. The officers repeatedly knocked on the door of the apartment and ultimately an individual named Stephen Julmiste responded. Once the door was open, the deputies heard movement and noises consistent with a struggle, coming from within the apartment. The officers were

---

[2]The facts of the offense have been obtained from the proffer made by the government during the change of plea proceeding, which Philipe admitted was accurate, and the presentence investigative report. <u>See</u> Transcript of proceeding conducted on October 7, 2008, at 8-11 (Cr-DE# 38); Presentence Investigation Report prepared on November 18, 2008, at ¶¶3-9.

advised that there was another individual in the apartment and they were permitted entry into the apartment. A deputy walked toward the direction of the noise and approached a closed door. He knocked on the door and asked the occupant if he or she was all right and if he or she required medical assistance. The deputy requested the occupant exit the room. After receiving no response, Deputy Moore stepped away from the door, and announced to the occupant that if he continued to receive no response, he would forcibly open the door.

The occupant, movant Antyone Devon Philipe, then exited the bathroom. Philipe was bleeding from a cut above his right eye and he proceeded to sit down on the couch in the main area of the apartment. Law enforcement officers then conducted a protective sweep of the apartment during which a small plastic bag, containing suspected marijuana, was seen in the kitchen. Philipe admitted that the marijuana belonged to him. The officer next observed a clear plastic ziplock bag, containing suspected crack cocaine, sitting in a pair of sneakers located in the bathroom. Additional suspect crack cocaine was discovered in the bathroom in a large lower cabinet. Other law enforcement officers arrived and a perimeter search of the area outside the apartment complex was conducted, specifically the window to the bathroom. Two additional clear plastic bags containing suspect crack cocaine were found outside the rear of the residence in the grass just below the bathroom window. Also located on the grass directly below the bathroom window was the window's screen. The seized substances were field tested and tested positive for the presence of cocaine. Laboratory analysis of the substance proved positive for cocaine base with a net weight of 93.2 grams.

Both Antyone Devon Philipe and Stephen Julmiste were advised

of their constitutional rights pursuant to *Miranda*.[3] Julmiste waived his rights and told the officers that Philipe, along with another individual, lived in the apartment and that when Philipe heard the police knocking on the door, Philipe got up and went to the kitchen, then into the bathroom. Julmiste further stated that he believed Philipe was probably trying to discard the drugs while he was in the bathroom. Philipe and Stephen Julmiste were arrested and Julmiste was later released.

### B. Indictment and Change of Plea Proceedings

Philipe was charged by Indictment with the offense of knowingly and intentionally possessing with intent to distribute a controlled substance that consisted of fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine;" in violation of Title 21, United States Code, §§841(a)(1), (b)(1)(A) (Cr-DE# 3). Philipe entered a plea of not guilty to the crime charged. (Cr-DE# 10). Philipe subsequently decided to change his earlier entered plea of not guilty to guilty. (Cr-DE# 22, 28).

Without the benefit of a plea agreement, Philipe appeared before this Court for change of plea proceedings where he entered a plea of guilty to the crime charged in the Indictment. See Transcript of Plea Hearing conducted on October 7, 2008. (Cr-DE# 38). A careful and meticulous plea colloquy was conducted pursuant to Fed.R.Crim.P. 11 during which Movant was sworn. Id. At the outset of the proceeding, the Court advised Movant of the crime with which he had been charged and then Movant was asked whether he was guilty of that offense. Id. at 3. Movant responded affirmatively. Id. Movant also informed the Court that he desired to enter a plea of guilty in the case and that no one had forced

---

[3]Miranda v. Arizona, 384 U.S. 436 (1966).

him to enter the guilty plea. Id. at 4. Movant told the Court that he had discussed with counsel the decision to enter a plea of guilty and that he was satisfied with the representation and advice given to him by counsel. Id. The Court advised Movant of the various constitutional rights he was waiving by entering the guilty plea, such as the right to confront witnesses against him, the right to testify in his own behalf, the right to call witnesses in his defense, etc. Id. at 4-5. Movant indicated to the Court that he understood his various constitutional rights and that he was wanted to waive those rights and enter a guilty plea. Id.

The Court informed Movant of the ten-year minimum mandatory sentence and that the Court could not sentence him to a sentence of less than ten years and could possibly sentence him as high as a term of life imprisonment to be followed by a five-year term of supervised release. Id. at 5-7. Movant informed the Court that he understood the possible penalties that he was facing by entering the plea of guilty. Id. The government provided an extensive factual proffer regarding Movant's involvement in the case.[4] Id. at 7-11. After the proffer, the Court asked Movant: "Do you agree with everything the prosecutor has stated about your involvement with crack cocaine on that day?" Id. at 11. Movant confirmed the accuracy of the information provided by the government by responding: "Yes, sir." Id. Trial counsel also stipulated to a factual basis for the guilty plea. Id. at 12. After trial counsel assured the Court that Movant was competent to enter the guilty plea and that Movant was doing so freely and voluntarily, the Court asked Movant how he pled to the charge set forth in the Indictment.

---

[4]In brief, the government stated that it was prepared to prove at trial that: (1) Philipe exited the bathroom after a law enforcement officer threatened to open the bathroom door by force; (2) bags of crack cocaine were discovered inside the bathroom and outside the bathroom window; and (3) a witness, Julmiste, said, in a post Miranda-statement, that Philipe lived in the apartment and that, when the police were heard knocking at the door, Philipe went into the bathroom, where "he was probably trying to get rid of the drugs."

*Id*. at 12. Movant unequivocally responded, "Guilty, Sir." *Id*. at 12. The Court accepted the guilty plea, finding that the plea was a knowing and voluntary and supported by a factual basis. *Id*. at 12-3. The Court further found that Movant had been represented by competent counsel to whom Movant had expressed satisfaction. *Id*. Movant was then adjudicated guilty of the subject narcotics offense. *Id*. at 13.

### C. PSI and Sentencing

A Presentence Investigation Report ("PSI") was prepared before sentencing. *See* Presentence Investigation Report and Addendum to Report. The PSI thoroughly set forth the pertinent facts of the case and movant's role in the offense conduct. *Id*. at ¶¶3-9. An offense involving possession with intent to distribute at least 50 grams of cocaine but less than 150 grams has a base offense level of 30 pursuant to U.S.S.G. §2D1.1(a)(3). *See* PSI at ¶14. Since Philipe did not meet the criteria set forth in U.S.S.G. §5C1.2(a)(1)-(5) (i.e., "safety-valve"), pursuant to U.S.S.G. §2D1.1(b)(11), he was not entitled to a two-level offense reduction. *Id*. at ¶13. Philipe's base offense level was, therefore, 30. *Id*. at ¶14. The probation officer determined that the movant was entitled to a total three-level reduction pursuant to U.S.S.G. §3E1.1(a) and (b) for his acceptance of responsibility and assistance in the investigation, giving him a total offense level of 27. *Id*. at ¶¶21-3.

Philipe had a subtotal of 13 criminal history points. *Id*. at ¶38. The criminal history points were increased by two pursuant to U.S.S.G. §4A1.1(d) in that Philipe had committed the instant offense while serving a term of probation and increased by an additional one point pursuant to U.S.S.G. §4A1.1(e) in that he had committed the instant offense less than two years from release from custody, giving him a total of 16 criminal history points and a criminal history category of VI. *Id*. at ¶¶39-41. A total adjusted

base offense level of 27 and a criminal history category of VI resulted in a guideline imprisonment range of 130 to 162 months. Id. at ¶66. The statutory minimum term of imprisonment was ten years and the maximum term was life pursuant to 21 U.S.C. §841(b)(1)(A). Id. at ¶66. A term of at least five years supervised release was required. Id. at ¶¶68, 69. No objections to the PSI were filed. See Addendum to the Presentence Report.

Sentence proceedings were conducted on December 16, 2008. See Transcript of Sentencing conducted on December 16, 2008. (Cr-DE# 32). At the outset, the Court asked whether there were any objections to the PSI. Id. at 3-4. Both counsel answered in the negative. Id. Regarding the sentence to be imposed, the government recommended that the Court impose a sentence within the sentencing guidelines range based upon Philipe's significant criminal history, including a conviction that involved the possession of 17 pieces of crack cocaine. Id. at 3. Trial counsel, instead, maintained that the mandatory minimum sentence of ten years was the appropriate sentence in this case. Id. at 5-7. Trial counsel argued that Philipe was essentially a low-level drug dealer, he had no violent or gun offenses in any of his prior convictions, and he suffered from an addiction to drugs. Id. Trial counsel went on to state that Philipe should receive credit for his acceptance of responsibility in that he had early on in the case accepted responsibility and in fact had waived any possible pretrial motions, such as a motion to suppress the evidence. Id. at 7. Counsel noted that he did not believe that any such motion to suppress would have been successful, but that the government was spared the need to address any such motion. Id.

Philipe then personally addressed the Court. Id. at 8-12. He first stated that he had no memory of agreeing to waive any possible motion to suppress and that he would have wanted counsel

to file a motion to suppress if it could have been beneficial to him with regard to the sentence received. Id. at 7-8. Philipe then proceeded to deliver a harangue, essentially denying culpability and attempting to shift the blame for the instant unlawful conduct to Julmiste. Id. at 8-12. He complained that he was merely present in the apartment where the cocaine had been discovered and that Julmiste should have been charged with the subject offense, not him. Id. He maintained that Julmiste had wrongly accused him of possessing the cocaine. Id. Philipe also stated that the police had fabricated the reason they responded to the residence and that his fingerprints had not been discovered on the drugs. Id. at 8-10. Philipe additionally attempted to blame others for his unrelated past unlawful conduct and asserted that even a ten-year sentence was excessive for the offense committed when compared to other types of offenses. Id. at 12-31. Philipe further told the Court that he had entered the guilty plea solely to avoid the possibility of even a greater sentence. Id. at 25. After his tirade, and statements uttered during an exchange with the Court, the Court noted that Philipe suffered from an attitude problem and that his attitude had resulted in a life of criminal behavior. Id. at 26-32.

Once making such an observation, the Court concluded that Philipe was not deserving of the three-level adjustment for acceptance of responsibility, stating in relevant part as follows:

> [Y]ou haven't accepted responsibility for your actions. You really haven't.
>
> So even though your lawyer convinced the prosecutor to give you a three-level adjustment recommendation I'm going to reject that, and I'm going to ask the probation officer to compute the guidelines without the three-level adjustment for what has happened here.
>
> All of your statements today indicate total lack of acceptance of responsibility. And pleading guilty the way that you did should be sufficient, but what you said today shows that you really don't accept responsibility; that you want to blame someone else. Now, not that someone else may be entirely

> guilty. The prosecutor's [sic] investigating the case. Some
> people get caught. Some people don't. In a way that's unfair.
> Everyone should get caught. But the person who gets caught is
> not innocent because the other one didn't. That's the
> difference. But you're always blaming someone else. That means
> you haven't accepted responsibility for your actions.
>
> So I'm rejecting that. Rejecting that, it means that your
> offense level goes up to 30 -- right? -- with a criminal
> history category six, which means it's the highest. I would
> agree with your lawyer who's doing a fine job and with whom
> you've expressed satisfaction at the guilty plea, and that is
> -- well, it don't really matter, does it ....

Id. at 33-4. The probation officer was then asked to recalculate
the advisory guidelines based upon the revised base offense level
of 30. Id. at 34. The probation officer responded that the advisory
guidelines range with a base offense level of 30 and Criminal
History Category VI was 168 to 210 months. Id. at 34-5. Trial
counsel lodged an objection to the Court's rejection of acceptance
of responsibility and newly calculated sentencing guidelines range.
Id. 35.


After considering the 18 U.S.C. §3553(a) factors, particularly
here, Philipe's lack of respect for the law and need to protect the
public from the commission of future crimes by Philipe, the Court
determined that a sentence within the advisory sentencing
guidelines range was appropriate. Id. at 35-7. The Court then
sentenced Philipe to a term of imprisonment of 204 months,
seventeen years, finding such a sentence reasonable under all
circumstances of this case. Id. at 37, 38. The Court noted that
even if it had been required to credit Philipe with a three-level
downward adjustment for acceptance of responsibility, the Court
would have varied from the guidelines and imposed a sentence of
seventeen years. Id. at 37.

### D. Judgment and Post-Judgment Events

Judgment was entered the day following sentencing and Philipe
filed a timely notice of appeal. (Cr-DE# 26, 27). On direct appeal,

Philipe raised the sole claim that his plea of guilty was not knowing and voluntary because this Court plainly erred in finding that he understood the nature of the §841 charge to which he pled guilty and the consequences of his guilty plea. See United States v. Philipe, No. 08-17177 (11th Cir.). In an unpublished opinion issued on September 3, 2009, the Eleventh Circuit affirmed the conviction and sentence, rejecting Philipe's argument and, instead, finding that the guilty plea had been entered with understanding of the nature of the §841 charge and knowing the consequences of the guilty plea. United States v. Philipe, No. 08-17177, slip op. 4-5 (11th Cir. September 3, 2009).[5] Relevant to this postconviction proceeding, the Eleventh stated:

> Philipe's argument that he did not know and understand the consequences of his guilty plea because the district court failed to explain that, by pleading guilty, he was waiving his right to pursue a motion to suppress is also unavailing because Rule 11 does not require the district court to inform the defendant of the opportunity to move for suppression of evidence. Downs-Morgan, 765 F.2d at 1537[6]; Fed.R.Cim.P. 11(b).
>
> Even if the Court's failure to explain the elements of the charge or to apprise Philipe of his right to file a motion to suppress unlawfully obtained evidence constitutes error - - and we can find none on this record - - Philipe has not shown, or even argued, that he would not have pled guilty had the court thoroughly explained the elements of the charge or discussed Philipe's right to file a motion to suppress. See Dominguez Benitez, 542 U.S. at 83.[7] Thus, Philipe has failed to show that the district court's finding that his plea was "knowing and voluntary" was plainly erroneous, and accordingly, we affirm.[fn.1 omitted].

Id. at 5. The Eleventh Circuit noted that the factual basis for the plea and Philipe's assurance that he had discussed the decision to plead guilty with his attorney supported the district court's finding that Philipe understood the nature of the charge against

---

[5]A copy of the Eleventh Circuit's slip opinion can be found at Cr-DE# 42.

[6]Downs-Morgan v. United States, 765 F.2d 1534 (11th Cir. 1985).

[7]United States v. Dominguez Benitez, 542 U.S. 74 (2004).

him. <u>Id</u>. at 5, n.1. The Eleventh Circuit went on to note that:

> Philipe's contention that he did not appreciate that more than mere presence in the apartment was needed to support a conviction is belied by his assertions at sentencing that, while he was a street drug dealer, the drugs involved in the offense were not his, and that his fingerprints were not on anything - - both of which suggest that Philipe understood that more than being in an apartment where drugs were found was necessary to support his conviction.

<u>Id</u>.


Philipe did not seek certiorari review from the Supreme Court. Movant filed the instant <u>pro</u> <u>se</u> motion to vacate pursuant to 28 U.S.C. §2255.

## IV. <u>Threshold Issues - Timeliness and Procedural Bar</u>

The government properly concedes that the motion to vacate has been filed within one year after Philipe's conviction and sentence became final and is, therefore, timely. <u>See</u> 28 U.S.C. §2255(f). The government asserts, however, that Movant is not entitled to review on the merits of claims one and three in that they are procedurally barred from collateral review. The government's argument would be meritorious if Movant was raising independent challenges to his plea of guilty and resultant sentence.[8] Movant, instead, frames his attack on his conviction and sentence as claims of ineffective assistance of trial counsel. As such, the claims are not procedurally barred from review in this collateral proceeding. <u>See</u> <u>e.g.</u> <u>Evans v. United States</u>, 218 Fed.Appx. 924, 926, 2007 WL 595248, *1 (11th Cir. 2007)(finding that  Movant's substantive

---

[8]Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994). Further, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred absent a showing of cause and actual prejudice or a fundamental miscarriage of justice. <u>Massaro v. United States</u>, 538 U.S. 500 (2003). <u>See also</u> <u>United States v. Frady</u>, 456 U.S. 152 (1982); <u>Lynn v. United States</u>, 365 F.3d 1225, 1234-35 (11th Cir. 2004).

claims were procedurally defaulted in that the Eleventh Circuit had already resolved some of the claims on direct appeal and the remaining claims should have been, but were not, presented on direct appeal, and going on to review on the merits the ineffective assistance of counsel claims)(unpublished). While Movant is entitled to review on the merits of his claims, he is not entitled to relief in that the claims are not cognizable and/or meritless for the reasons expressed herein.

## V. <u>Standard of Review</u>

Pursuant to 28 U.S.C. §2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. §2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." <u>Id</u>. To obtain this relief on collateral review, however, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." <u>United States v. Frady</u>, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)(rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if

proven, would entitle him to relief.'" Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999)(*quoting* Futch v. Dugger, 874 F.2d 1483, 1485 (11th Cir. 1989)). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007); see also Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)(explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

## VI. General Legal Principles

### A. Ineffective Assistance of Trial Counsel Regarding Guilty Plea and Sentencing

Because Movant asserts in his petition that trial counsel rendered ineffective assistance, this Court's analysis begins with the familiar rule that the Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defence." U.S. CONST. amend. VI. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Id. at 689. If the movant cannot meet one of *Strickland's* prongs, the court does not need to address the other prong. Strickland, 466 U.S. at 697, 104 S.Ct. 2069 (explaining a court need not address both prongs of Strickland if the defendant makes an insufficient showing on one of the prongs).

This two-part standard is also applicable to

ineffective-assistance-of-counsel claims arising out of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 57-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Generally, as indicated, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Padilla v. Kentucky, ___ U.S. ___, ___, 130 S.Ct. 1473, 1482, 176 L.Ed.2d 284 (2010). In the context of a guilty plea, the first prong of *Strickland* requires petitioner to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases, while the second prong requires petitioner to show a reasonable probability that, but for counsel's errors, he would not have pled guilty but would have gone to trial. Hill, 474 U.S. at 56-59. The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 130 S.Ct. at 1485 (*citing* Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007), *cert. denied*, 554 U.S. 925, 128 S.Ct. 2975, 171 L.Ed.2d 899 (2008)(*quoting* Hill, 474 U.S. at 59-60). In conducting this inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136(1977).

Since the sentence ultimately imposed upon the defendant is a "result of the proceeding," in order for a petitioner to satisfy the prejudice-prong of *Strickland*, he must demonstrate that there is a reasonable probability that the conditions of his guilty plea

or his sentence would have been different but for his trial counsel's errors. See United States v. Boone, 62 F.3d 323, 327 (10th Cir.)(rejecting the defendant's claim that counsel was ineffective in part because the defendant failed to show "that the resulting sentence would have been different than that imposed under the Sentencing Guidelines"), cert. denied, 516 U.S. 1014 (1995). Thus, the *Strickland* test applies to claims involving ineffective assistance of counsel during the punishment phase of a non-capital case. See Glover v. United States, 531 U.S. 198 (2001)(holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established Strickland prejudice"); Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993). If the petitioner cannot meet one of *Strickland*'s prongs, the court does not need to address the other prong. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. See also Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

## B. Ineffective Assistance of Counsel Regarding Direct Appeal

Philipe also claims that he received ineffective assistance of appellate counsel. The two-prong *Strickland* test is equally applicable in assessing counsel's performance in appellate proceedings. Smith v. Robbins, 528 U.S. 259, 285-86, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)(*Strickland* standard applies to claims alleging ineffective assistance of appellate counsel); Digsby v. McNeil, 627 F.3d 823, 831 (11th Cir. 2010)(holding that to determine whether the petitioner's appellate counsel rendered ineffective assistance, the court must assess the strength of the claim that the petitioner asserts his appellate counsel should have raised in his state direct appeal and only if failure to bring the claim both rendered counsel's performance deficient and resulted in prejudice to the petitioner was there ineffective assistance); Eagle v. Linahan, 279 F.3d 926, 943 (11th Cir. 2001)(stating that when determining whether the failure to raise a claim on appeal

resulted in prejudice, the courts must review the merits of the omitted claim and, if it is concluded that the omitted claim would have had a reasonable probability of success, then counsel's performance was necessarily prejudicial because it affected the outcome of the appeal). Grubbs v. Singletary, 120 F.3d 1174, 1176 (11th Cir. 1997)(applying the *Strickland* test to a claim of ineffective assistance of appellate counsel).

## VII. Discussion

### A. Ineffective Assistance of Trial Counsel

#### (1) Claim One

Philipe alleges in claim one that he received ineffective assistance of trial counsel, because his lawyer improperly failed to argue to the Court during sentencing that he had fully demonstrated acceptance of responsibility, entitling him to the three-level reduction pursuant to U.S.S.G. §3E1.1. This claim is meritless. It is apparent from the above-reviewed record that trial counsel did in fact argue that Philipe should receive a three-level reduction of the base offense level due to his early entry of the guilty plea, which resulted in no pretrial motion to suppress having been filed and thereby eliminating the need for a government response. Counsel asserted that by entering the guilty plea, Philipe showed that he had accepted responsibility for his actions in the case. The government and probation officer agreed with counsel, as evidenced by the PSI. When the Court rejected the government and probation officer's recommendation, trial counsel lodged an objection to the Court's ruling.

To be eligible for the two or three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a), (b), a defendant must "clearly demonstrate[] acceptance of responsibility for his offense." U.S.S.G. §3E1.1(a). The reduction is intended to reward defendants who express contrition for their

wrongdoing and evidence a desire to reform their conduct. <u>United States v. Williams</u>, 627 F.3d 839, 844-45 (11th Cir. 2010), *citing*, <u>United States v. Henry</u>, 883 F.2d 1010, 1011-12 (11th Cir. 1989). Whether a defendant has accepted responsibility is a fact-based question which requires the district court to carefully review all of the evidence bearing on a particular defendant's contrition. <u>Joiner v. United States</u>, 103 F.3d 961, 963 (11th Cir. 1997). The Eleventh Circuit has further held that it is erroneous to award a reduction for acceptance of responsibility when a defendant denies guilt in the face of evidence to the contrary. <u>Id</u>., *citing*, <u>United States v. Caraballo</u>, 595 F.3d 1214, 1233 (11th Cir. 2010); <u>United States v. Starks</u>, 157 F.3d 833, 840-41 (11th Cir. 1998).

The record here establishes that Philipe's conduct is wholly inconsistent with any acceptance of responsibility. It is clear that this Court declined to award Philipe an acceptance of responsibility reduction based upon statements he made to the Court during sentencing which demonstrated a complete lack of acceptance of responsibility for his then-current or past criminal behavior. While Philipe unequivocally admitted his guilt during the change of plea proceeding with regard to the subject charge, agreeing with the extensive proffer provided by the government, he retreated from that admission during sentencing by attempting to shift the blame, at least in part, to Julmiste and minimize his role in the offense. He did so despite ample evidence in the record to the contrary. It is clear from Philipe's comments that he believed that he was not responsible for the subject criminal conduct and that the police had acted improperly in arresting and charging him with the narcotics violation.

Considering all the circumstances here, Philipe's behavior during sentencing outweighed any contrition he may have initially shown in his guilty plea. During sentencing, not only did he

retreat from any initial expression of contrition for his
wrongdoing by entering the guilty plea, his statements further
evidenced no indication that he intended to reform his conduct.
Thus, it was a result of Movant's express contempt for the legal
system in general and the instant prosecution in particular that
resulted in the greater sentence. Movant has no one to blame but
himself for failure to obtain the reduction and for the ultimate
sentence imposed. While, as is apparently typical of Philipe, he
once again, now in this §2255 proceeding, attempts to shift the
blame and responsibility for his own improper behavior onto someone
else, this time trial counsel. His greater sentence was not the
result of any deficiency on the part of counsel.

Nor was his greater sentence the result of improper action on
the part of this Court, such as refusing to apply U.S.S.G. §3E1.1
based upon Philipe's statements during sentencing that he intended
to pursue a direct appeal, as Philipe's now contends.[9] Here, the
Court considered all applicable criteria set out in the commentary
to section 3E1.1 as well as other indications of acceptance of
responsibility bearing on Philipe's contrition. The Court did not
improperly weigh against Philipe his intent to pursue a direct
appeal, although it was apparently one of the factors considered.
This Court is permitted to consider the pursuit of a direct appeal
when arriving at the acceptance of responsibility determination,
because it shows  less evidence of acceptance. See United States v.
Rodriquez, 959 F.2d 193, 197 (11th Cir. 1992)(stating that, "[t]he
exercise of these [constitutional or statutory rights] rights may
diminish the defendant's chances of being granted the two level
reduction, not because it is weighed against him but because it is

_____

[9]If a defendant has shown some sign of remorse but has also exercised
constitutional or statutory rights and/or intent to pursue a direct appeal, the
sentencing judge may not balance the exercise of those rights against the
defendant's expression of remorse to determine whether the "acceptance" is
adequate. United States v. Rodriquez, 959 F.2d 193, 197 (11th Cir. 1992).

likely that there is less evidence of acceptance to weigh in his favor. The sentencing court, however, may not weigh the exercise of these rights against the defendant.").

Further, the Court properly considered the 18 U.S.C. §3553(a) factors and accurately applied the advisory guideline range once it was recalculated. Philipe received a sentence that was six-months below the maximum possible guidelines sentence. The Court did not err in refusing to grant Philipe a reduction and correctly applied this section of the guidelines when sentencing Philipe. See United States v. Rubio, 317 F.3d 1240 (11th Cir. 2003)(finding that defendant's initial offer to plead guilty did not entitle him to offense level reduction for acceptance of responsibility where he withdrew guilty plea to preserve sentencing issue with respect to career offender status, and put the government to its proof and consistently attempted to minimize his role, despite videotaped evidence to the contrary). Under the circumstances present here, no showing has been made that the outcome of the sentence would have been different if counsel had advanced any or different arguments during sentencing. Accordingly, Philipe's ineffective assistance of trial counsel claim with regard to the sentence imposed is without merit. See Glover v. United States, 531 U.S. 198; Spriggs v. Collins, 993 F.2d at 88. See also Butcher v. United States, 368 F.3d at 1293.

### (2) Claim Three

Philipe alleges in claim three that his lawyer improperly failed to file a pretrial motion to suppress the drugs for lack of possession. This claim is not cognizable in this collateral proceeding.

The traditional rule is that after a criminal defendant has pleaded guilty, he may not raise claims relating to the alleged

deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only raise jurisdictional issues, United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003), *cert. denied*, 540 U.S. 1149, 124 S.Ct. 1146, 157 L.Ed.2d 1042 (2004), attack the voluntary and knowing character of the guilty plea, Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)(noting that a guilty plea represents a break in the chain of events which had preceded it in the criminal process); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992), or challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986). In other words, a voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984). Therefore, the waiver extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. See Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S. 992 (1982). See also United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992)(per curiam)(holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea). Exceptions to the general rule are those cases which are constitutionally infirm because the government has no power to prosecute them at all, which is not applicable to this case. See Broce, 488 U.S. 563, 574-575 (1989).

Thus, a voluntary guilty plea constitutes a waiver of all non-jurisdictional defects in the proceeding up to that point. Philipe's claim challenging the lawfulness of the search and seizure of the cocaine, and the effectiveness of counsel with regard to a motion to suppress, attacks on the evidence, and possible defenses to the crime committed do not relate to the voluntariness of the plea. Accordingly, by entering the

unconditional guilty plea, which the Eleventh Circuit has found to
have been knowingly and voluntarily entered, Philipe waived his
right to assert a challenge to any illegal search and seizure and
counsel's failure to do so.[10] See <u>United States v. Coil</u>, 442 F.3d
912, 914-15 (5th Cir. 2006).

Even if not waived by the entry of the plea, Philipe  would
not be entitled to collateral relief on his ineffective assistance
of trial counsel claim in that it is meritless. Based upon trial
counsel's remarks during sentencing, it is apparent that trial
counsel had investigated and researched a possible motion to
suppress evidence based upon the lawfulness of the search and
seizure and concluded that any such motion would be lacking in
merit. <u>See</u> Transcript of Sentencing conducted on December 16, 2008,
at 7. (Cr-DE# 32). There is no indication whatever in the record
that the seized evidence was obtained unlawfully. Consequently,
there appears to be no legal basis to challenge the lawfulness of
the search and seizure. Trial counsel, therefore, did not render
constitutionally ineffective assistance when he failed to file a
motion to suppress. <u>See</u> <u>Strickland</u>, <u>supra</u>. <u>See also</u> <u>Knowles v.
Mirzayance</u>, ____ U.S. ___, 129 S.Ct. 1411, 1420-22 (2009)(stating
that Court has never required defense counsel to pursue every claim
or defense, regardless of its merit, viability, or realistic chance
for success).

B. <u>Ineffective Assistance of Appellate Counsel</u>

Philipe alleges in grounds two and four that he received
ineffective assistance of appellate counsel, because his lawyer

---

[10]As noted by the Eleventh Circuit in its opinion issued in the direct
appeal proceeding, the fact that this Court did not specifically explain to
Philipe that, by pleading guilty, he was waiving his right to pursue a motion to
suppress does not vitiate the lawfulness of the guilty plea, because Rule 11 does
not require the district court to inform the defendant of the opportunity to move
for suppression of evidence. <u>See</u> <u>United States v. Philipe</u>, No. 08-17177, slip op.
4-5 (11th Cir. September 3, 2009), *citing*, <u>Downs-Morgan v. United States</u>, 765
F.2d 1534, 1537 (11th Cir. 1985).

failed to raise as on issue on direct appeal that the District Court improperly failed to reduce his base offense level pursuant to U.S.S.G. §3E1.1. Philipe essentially claims that he had satisfied the requirements of §3E1.1. and this Court denied him the reduction based upon an improper reason - the exercise of his right to pursue a direct appeal. Philipe would not have prevailed on this claim for the reasons stated above in connection with ground one, even if raised on direct appeal. Consequently, his ineffective assistance of counsel claim on appeal is without merit.[11] See Strickland v. Washington, supra; Jones v. Barnes, 463 U.S. 745 (1983)(holding that the Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be raised on appeal, provided that counsel uses professional judgment in deciding not to raise those issues); Eagle v. Linahan, 279 F.3d at 943. See also Knowles, 129 S.Ct. at 1411.

When construing Philipe's supporting memorandum of law liberally, as this Court must for *pro se* litigants,[12] it appears that Philipe may also be contending that appellate counsel's performance was constitutionally ineffective when he failed to raise as an issue on direct appeal that evidence had been unlawfully seized and/or he had never possessed the cocaine. Any such claim is also meritless. Movant pled guilty, and therefore, he foreclosed his right to assert any Fourth Amendment claim on direct appeal by his unconditional and voluntary guilty plea. A defendant cannot plead guilty and preserve for appeal a nonjurisdictional

---

[11]As indicated, if the movant cannot meet one of *Strickland*'s prongs, the court does not need to address the other prong. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). See also Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

[12]Normally, pro se filings are subject to less stringent pleading requirements, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. See Haines v. Kerner, 404 U.S. 519 (1972), See also Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005).

issue, such as, a Fourth Amendment claim. <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). <u>See also</u> <u>United States v. Hewitt</u>, 326 Fed.Appx. 756, 758, 2009 WL 1259068, *1 (5th Cir. 2009)(unpublished), *citing*, <u>United States v. Coil</u>, 442 F.3d 912, 914-15 (5th Cir. 2006). Accordingly, this potential argument would have been frivolous. It is noted that appellate counsel raised the related issue that Philipe did not know and understand the consequences of his guilty plea because the district court had failed to explain that, by pleading guilty, he was waiving his right to pursue a motion to suppress. <u>See</u> <u>United States v. Philipe</u>, No. 08-17177, slip op. at 5. As indicated, the Eleventh Circuit rejected the argument as meritless when affirming Philipe's conviction and sentence. <u>Id</u>.

## VIII. <u>Evidentiary Hearing</u>

Philipe seeks an evidentiary hearing. Movant's request for an evidentiary hearing on his claims of ineffective assistance of counsel or any other claim raised herein should be denied. The movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. <u>See</u> <u>Townsend v. Sain</u>, 372 U.S. 293, 307 (1963). A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. <u>See</u> <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989), <u>citing</u>, <u>Guerra v. United States</u>, 588 F.2d 519, 520-21 (5th Cir. 1979). As discussed in this Report, the claims raised are unsupported by the record or without merit. No evidentiary hearing is required.

## IX. <u>Conclusion</u>

It is therefore recommended that the motion to vacate be

denied.[13]

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 11th day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Antyone Devon Philipe, Pro Se
     Reg.No. 81346-004
     FCI Herlong
     Federal Correctional Institution
     P.O. Box 800
     Herlong, CA  96113

     Robin Waugh, AUSA
     99 N.E. 4th Street, 6th Flr.
     Miami, FL 33132

---

[13]It cannot be overlooked that there was overwhelming evidence of Movant's guilt which included a post-*Miranda* statement from a witness. Contrary to Philipe's apparent contention, the evidence demonstrates more than his mere presence in an apartment where drugs were found. Thus, it is beyond peradventure that, if he had proceeded to trial, Movant would have been found guilty of the crime charged in the Indictment. Further, as noted by the Eleventh Circuit in its opinion, due to Philipe's drug trafficking conviction and prior drug possession convictions, he faced an enhancement under 21 U.S.C. §841(b), which could have resulted in a mandatory life sentence, or at the very least, a 20-year sentence, had the government filed an information pursuant to 21 U.S.C. §851(a). United States v. Philipe, No. 08-17177, slip op. 11-12 n.3 (11th Cir. September 3, 2009). Therefore, by pleading guilty, Philipe apparently avoided the statutorily enhanced penalty and the government's recommendation that the sentence be reduced for acceptance of responsibility. Id.